Slip Op. 18-77

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| HYUNDAI STEEL COMPANY,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br>ARCELORMITTAL USA LLC, STEEL DYNAMICS, INC., CALIFORNIA STEEL INDUSTRIES, INC., AK STEEL CORPORATION, UNITED STATES STEEL CORPORATION, and NUCOR CORPORATION,<br><br>    Defendants-Intervenors. | Before: Jane A. Restani, Judge<br><br>Court No. 16-00161 |

## OPINION

Dated: June 22, 2018

[Commerce's remand results in an investigation of Corrosion-Resistant Steel Products from the Republic of Korea are affirmed.]

  J. David Park, Andrew Treaster, Daniel Wilson, Henry Almond, and Sylvia Yun Chu Chen, Arnold & Porter Kaye Scholer LLP, of Washington, DC, for the plaintiff.

  Elizabeth Speck, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for the defendant. Of counsel on the brief was James Ahrens II, Office of Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

  Grace Kim, Joshua Morey, Kathleen Cannon, Paul Rosenthal, and R. Alan Luberda, Kelley Drye & Warren, LLP, of Washington, DC, for defendant-intervenor ArcelorMittal USA LLC.

     Roger Schagrin, Christopher Cloutier, John Bohn, and Paul Jameson, Schagrin Associates, of Washington, DC, for defendants-intervenors Steel Dynamics, Inc. and California Steel Industries, Inc.

     Stephen Jones, and Daniel Schneiderman, King & Spalding, LLP, of Washington, DC, for defendant-intervenor AK Steel Corporation.

     Thomas Beline, and Sarah Shulman, Skadden Arps Slate Meagher & Flom, LLP, of Washington, DC, for defendant-intervenor United States Steel Corporation.

     Alan Price, Adam Teslik, Christopher Weld, Cynthia Galvez, Derick Holt, Laura El-Sabaawi, Maureen Thorson, Stephanie Bell, Tessa Capeloto, Timothy Brightbill, and Usha Neelakantan, Wiley Rein, LLP, of Washington, DC, for defendant-intervenor Nucor Corporation.

     **Restani, Judge:** Before the court are the United States Department of Commerce ("Commerce")'s Final Results of Redetermination Pursuant to Remand, A-580-878, POI 04/01/2014–03/31/2015 (Dep't Commerce May 11, 2018) ("Remand Results"), concerning Commerce's antidumping duty ("AD") investigation regarding Corrosion-Resistant Steel Products ("CORE") from the Republic of Korea ("Korea"). Hyundai Steel Co. ("Hyundai") requests the court sustain Commerce's Remand Results; United States Steel Co. ("U.S. Steel") requests the court issue a second remand for Commerce to adjust its calculations. For the reasons stated below, Commerce's Remand Results are sustained.

## BACKGROUND

     The court assumes all parties are familiar with the facts of the case as discussed in Hyundai Steel Co. v. United States, 282 F. Supp. 3d 1332, 1336–39 (CIT 2018) ("Hyundai I"). For the sake of convenience, the facts relevant to this remand are summarized herein. Following Commerce's investigation into possible sales of CORE from Korea at less than fair value, having exchanged several questionnaires and responses regarding Hyundai's further manufactured sales data, see, e.g., Hyundai Steel's Response to the Department's Request for Section E and

Additional Sales Data, A-580-878, POI 04/01/2014–03/31/2015, at 1–9 (Dep't Commerce Nov. 2, 2015); Second Supplemental Questionnaire to Sections B&C, and First Supplemental to Further Manufacturing, A-580-878, POI 04/01/2014–03/31/2015, Attach. 1, at 1–2 (Dep't Commerce Nov. 19, 2015), Commerce identified several problems with Hyundai's responses, Issues and Decision Memorandum for the Final Affirmative Determination in the Antidumping Duty Investigation of Certain Corrosion-Resistant Steel Products from the Republic of Korea, A-580-878, POI 04/01/2014–03/31/2015, at 7–17, 31–33 (Dep't Commerce May 24, 2016) ("Final Det. I&D Memo").  Citing these problems, Commerce applied an adverse inference to facts otherwise available ("AFA") when calculating cost data for, inter alia, Hyundai's sales of skelp, sheets, and blanks ("SSBs").  Final Det. I&D Memo, at 14–17.  Commerce assigned Hyundai an overall dumping margin of 47.8 percent ad valorem.  Final Determination of Sales at Less than Fair Value and Final Affirmative Determination of Critical Circumstances, 81 Fed. Reg. 35,303, 35,304 (Dep't Commerce June 2, 2016), as amended by Certain Corrosion-Resistant Steel Products from India, Italy, the People's Republic of China, the Republic of Korea and Taiwan: Amended Final Affirmative Antidumping Determination for India and Taiwan, and Antidumping Duty Orders, 81 Fed. Reg. 48,390, 48,393 (Dep't Commerce July 25, 2016).

    Thereafter, Hyundai raised various challenges before the U.S. Court of International Trade, and the court upheld Commerce's AD order in all but one respect.  See generally Hyundai I, 282 F. Supp. 3d at 1339–52.  Holding that Commerce had unlawfully applied AFA without first providing Hyundai an opportunity to explain or correct deficiencies in its SSB data, the court remanded the matter for Commerce to provide such an opportunity and recalculate Hyundai's AD margin as appropriate.  Id. at 1347–49, 1352.  On remand, Commerce issued a supplemental questionnaire, to which Hyundai responded, answering Commerce's questions

regarding specific aspects of its earlier SSB data.  <u>Supplemental Remand Questionnaire on Sheet, Skelp, and Blanks</u>, A-580-878, POI 04/01/2014–03/31/2015, at Attach. 1 (Dep't Commerce Feb. 22, 2018) ("Remand Supp. Q."); <u>Hyundai Steel's Supplemental Questionnaire Response</u>, A-580-878, POI 04/01/2014–03/31/2015, at Ex. 1 (Dep't Commerce Mar. 16, 2018).  Commerce issued its remand results on May 11, 2018, recalculating Hyundai's dumping margin at 7.89 percent <u>ad</u> <u>valorem</u>.  Remand Results, at 1–2.

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction pursuant to 28 U.S.C. § 1581(c).  The court upholds Commerce's final results in an AD investigation unless "unsupported by substantial evidence on the record, or otherwise not in accordance with law[.]"  19 U.S.C. § 1516a(b)(1)(B)(i) (2006).

## DISCUSSION

On remand, having assessed Hyundai's response to Commerce's supplemental questionnaire, Commerce concluded that Hyundai's "response remedies the major deficiencies in its previous further manufacturing responses with respect to SSBs.  Specifically, Hyundai has sufficiently explained the inconsistencies and previously unexplained changes that plagued the data it submitted with respect to its SSB sales during the investigation." Remand Results, at 6.  Commerce accordingly adjusted Hyundai's further-manufacturing expenses for SSBs and, using the data from Hyundai's December 29, 2015, databases, recalculated Hyundai's AD margin.  <u>Id.</u>; see generally <u>Hyundai Steel's Response to the Department's Supplemental Section E Questionnaire</u>, A–580–878, POI 04/01/2014–03/31/2015 (Dep't Commerce Dec. 29, 2015).  U.S. Steel contends that Commerce erred in recalculating Hyundai's AD margin, and should have continued to apply AFA.  <u>United States Steel Corporation's Comments Upon the Remand Redetermination Filed by the U.S. Department of Commerce</u>, ECF No. 85, at 2–9 (June 1, 2018)

Court No. 16-00161 Page 5

("U.S. Steel Remand Comments").

Commerce may apply an adverse inference in certain situations where it has resorted to "facts otherwise available." See 19 U.S.C. § 1677e(b) (2015). As the court stated in Hyundai I, under 19 U.S.C. § 1677e(a) Commerce shall use "facts otherwise available" where: "(1) necessary information is not available in the record; or (2) an interested party (a) withholds requested information; (b) fails to timely provide information in the form requested; (c) significantly impedes proceedings; or (d) provides information which cannot be verified under 19 U.S.C. § 1677m(i)." Hyundai I, 282 F. Supp. 3d at 1343. Recourse to "facts otherwise available" is subject to the requirement that Commerce promptly notify respondent of the deficiency and, to the extent practicable, provide respondent an opportunity to remedy or explain it. 19 U.S.C. § 1677e(a); 1677m(d).

U.S. Steel argues that the supplemental questionnaire constituted such an opportunity to explain deficiencies in Hyundai's December 29 SSB data, and that aspects of Hyundai's March 16 responses still required recourse to "facts otherwise available." U.S. Steel Remand Comments, at 4–8. It first contends that after Hyundai's March 16 response, its December 29 database remained generally unverifiable. Id. at 5.

On remand, Commerce's supplemental questionnaire did allow Hyundai to explain the issues with its previously submitted SSB sales data, in accordance with 19 U.S.C. § 1677m(d). At U.S. Steel's behest, furthermore, Commerce subjected both Hyundai's March 16 response and its December 29 database to verification. Request for Verification of Hyundai Steel's Further Manufacturing Submission, A–580–878, POI 04/01/2014–03/31/2015, at 1 (Dep't Commerce Mar. 22, 2018); Verification of the Further Manufacturing Response of Hyundai Steel Company in the Remand to the Antidumping Duty Investigation of Certain Corrosion-Resistant Steel

Products from the Republic of Korea, A–580–878, POI 04/01/2014–03/31/2015, at 3 (Dep't Commerce May 1, 2018) ("Remand Verification Report").  Neither Commerce's Remand Verification Report, nor its Remand Results indicate that Commerce found material aspects of Hyundai's December 29 database unverifiable.  U.S. Steel Remand Comments, at 5–6; Remand Results, at 11–12; see generally Remand Verification Report, at 1–14.  That Commerce identified and addressed issues with Hyundai's data is consistent with the purpose of verification.  The mere presence of correctable errors does not automatically make the data concerned unverifiable.  Prior practice cited by U.S. Steel is consistent with this conclusion.  U.S. Steel Remand Comments, at 5–6 (citing Issues and Decision Memorandum for the Final Results of Antidumping Duty Administrative Review and Partial Rescission of Antidumping Duty Administrative Review: Certain Hot-Rolled Carbon Steel Flat Products from Thailand, A-549-817, POR 11/01/2005–10/31/2006, at Cmt. 1 (Dep't Commerce June 4, 2008) (applying partial facts available because respondent's yield strength information "could not be fully verified," as it was incorrect for a majority of sales and respondent's explanation failed to resolve the discrepancy)).

  U.S. Steel next faults Commerce for adjusting its remand calculations to account for issues with Hyundai's data instead of applying AFA.  Specifically, U.S. Steel notes the following issues with Hyundai's March 16 report:  (1) Hyundai's explanation of how it calculated yield loss was incorrect; and (2) Hyundai's explanation revealed that, in calculating its general and administrative ("G&A") expense ratio, it improperly included management fees and misstated its cost of sales.  U.S. Steel Remand Comments, at 6–7; see also Remand Verification Report, at 2.  U.S. Steel contends that the foregoing rendered Hyundai's yield loss and G&A expense ratio calculations unverifiable.  Id. at 6.

Regarding yield loss, although Commerce found Hyundai's March 16 explanation unclear, Commerce indicated that the actual methodology used in Hyundai's December 29 database was correct. Remand Results, at 11; Remand Verification Report, at 9. On remand, Commerce actually used Hyundai's December 29 methodology in recalculating Hyundai's AD margin. Remand Results, at 11; Remand Verification Report, at 9. There are no indicia that Hyundai's yield loss calculations were unverifiable. Commerce identified Hyundai's specific calculation method and reproduced it in recalculating Hyundai's AD margin. Commerce's decision not to resort to "facts otherwise available" in calculating Hyundai's yield loss is thus supported by substantial evidence.

Regarding G&A expense ratios, Commerce notes that it commonly adjusts respondents' ratio calculations. Remand Results, at 13 (citing Issues and Decision Memorandum for the Final Affirmative Determination in the Less than Fair Value Investigation of Certain Hot-Rolled Steel Flat Products from Brazil, A-351-845, POI 07/01/2014–06/30/2015, at Cmt. 5 (Dep't Commerce Aug. 4, 2016); Issues and Decision Memorandum for the Final Affirmative Determination in the Less-Than-Fair-Value Investigation of Certain Carbon and Alloy Steel Cut-To-Length Plate from France, A-427-828, POI 04/01/2015–03/31/2016, at Cmt. 17 (Dep't Commerce Mar. 29, 2017)). Commerce did not find that its adjustments of Hyundai's G&A expense ratio necessitated recourse to "facts otherwise available" in this case, because all the information used in Commerce's calculations was derived from Hyundai's submissions. Remand Results, at 10–11. The court finds no reason to disturb Commerce's conclusion, especially considering that Commerce's supplemental questionnaire requested explanations in lieu of revised data. See Remand Supp. Q., at Attach. 1; see also Remand Results, at 13. Commerce's decision not to utilize "facts otherwise available" is supported by substantial evidence. Thus, Commerce

Court No. 16-00161 Page 8

necessarily acted according to law in declining to apply an adverse inference to any of the above.[1]

Hyundai argues that Commerce complied with the terms of the remand order. See Hyundai Steel Company's Comments on Remand Results, ECF No. 84, at 1–3 (June 1, 2018). The court agrees. Commerce's February 22, 2018, supplemental questionnaire provided Hyundai a sufficient opportunity to explain deficiencies in its SSB data, and Commerce thereafter acted according to law in recalculating Hyundai's AD margin.

## CONCLUSION

For the foregoing reasons, Commerce's Remand Results are **SUSTAINED**. Judgment will enter accordingly.

/s/ Jane A. Restani
Jane A. Restani, Judge

Dated: June 22, 2018
New York, New York

---

[1] The government's reply brief on remand implies that Commerce may have resorted to "facts otherwise available" in recalculating the portion of Hyundai's AD margin attributable to SSB sales. See Defendant's Response to Comments on Remand Results, ECF No. 87, at 9–10 (June 15, 2018). The government does not clearly explain how Commerce supplemented Hyundai's usable SSB data with "facts otherwise available," id. at 6–10, but to the extent this was done, the court holds that Commerce's decision not to apply an adverse inference to such data is supported by substantial evidence. As discussed above, once given an opportunity to explain deficiencies in its SSB data, Hyundai promptly complied, sufficiently explaining its earlier submission such that it could be used in Commerce's recalculations. Overall, Hyundai's conduct during Commerce's investigation was not so egregious as to warrant the application of an adverse inference across the board.